32 C.C.P.A. (Patents)

## WEBB v. HARRISON.

### Patent Appeal No. 4984.

Court of Customs and Patent Appeals.
April 9, 1945.

R. S. Berry, of Los Angeles, Cal. (James Atkins, of Washington, D. C., of counsel), for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

In this case an interference was originally declared in the United States Patent Office on a single count. Subsequently seven other counts were added as a result of motions made by the respective parties and the interference redeclared. In its decision the Board of Interference Examiners awarded priority to the party Webb upon added count numbered 5, but upon all the other counts awarded priority to the party Harrison. Harrison took no appeal as to count 5. Webb appealed as to all the other counts, numbered 1 to 4, inclusive, and 6 to 8, inclusive, but in the brief before us stated:

"At the outset of this discussion the party Webb wishes to state that he withdraws his appeal as it relates to claims 2 to 4, inclusive, and 6 to 8, inclusive, and proposes only to urge a reversal of the decision of the Examiner of Interferences as it relates to count 1 and the award of count 1 to the senior party Harrison."

In view of the above, the appeal as to claims 2, 3, 4, 5, 6, and 8 will be dismissed.

It may be said at this point that Harrison filed no brief before us, nor was he represented at the oral hearing.

The single count now at issue reads as follows:

"1. In a line grounding clip embodying a metallic supporting strap, and a cushioned seat carried by said strap and extending along the inner periphery thereof; an electrically conductive strip bent intermediate its ends and positioned astride an end of

said cushioned seat with one of its end portions extending between said seat and said strap and with its other end portion overlying the outer face of said seat for interposition between said seat and a conduit imposed on the latter to effect electrical connection between said conduit and said strap around the terminus of said cushioned seat."

■ The application of Harrison, serial No. 414,417, was filed October 10, 1941; that of Webb, serial No. 417,077, October 30, 1941. So, Webb being the junior party, the burden of proving priority by a preponderance of the evidence rested upon him. During the motion period he moved to shift the burden of proof on the basis of an earlier application, serial No. 412,783, filed by him September 29, 1941. Neither the motion nor the text of the decision of the Primary Examiner thereon is included in the record before us, but in the decision of the board it is stated:

"* * * The motion was denied by the primary examiner as to all counts of the interference for the reason that as subsequently redeclared not all of the counts were readable on the earlier application. Webb now seeks to rely upon this earlier application for constructive reduction to practice of counts 1, 2 and 5. * * *"

It appears that Webb endeavored to establish an actual reduction to practice of the subject matter of counts 1 and 5, on or about July 4, 1939, but the board held that the testimony was insufficient upon this point and he was restricted to his filing dates. As to count 5, the board gave him the benefit of the filing date of the application of September 29, 1941, serial No. 412,783, for constructive reduction to practice and awarded him priority on that count. As to counts 1 and 2, however, the board held that the earlier application did not support them.

By the withdrawal of his appeal as to count 2, Webb acquiesces in the holding of the board relative to it, but he contends that the board erred in holding that his early application fails to support count 1. The brief on his behalf recites certain of the findings of the board relative to the "Webb showing" and the "Harrison showing," and continues:

"It is the position of appellant Webb that the holdings of the Board of Interference Examiners is correct in each of the above instances save their contention that Webb application Serial No. 412,783 fails to support count 1 of the interference when they have ruled that count 5 of the interference is supported by this early application. In view of the fact, therefore, that appellant does not now take issue with the Board of Interference Examiners on any finding of fact but merely upon the construction and interpretation of count 1 of the interference with relation to the showing in Webb's early application Serial No. 412,783, it is not necessary to discuss the record presented by the contesting parties but only to address argument to the proposition that Webb's early application is a constructive reduction to practice of both counts 1 and 5 of the interference."

The text of the early application so referred to was not included in the record certified to us. A sheet of the drawings embracing seven figures was introduced and certain testimony was taken apparently in connection with appellant's Exhibit 2, a clip upon the basis of which appellant sought to establish actual reduction to practice of the subject matter of the invention. We find nothing in the drawings nor in the testimony so taken which would justify a holding that the early application supports count 1.

Except for the sheet of drawings, we have no official information respecting the early application other than the meager references to it in the decision of the board.

■ In the final analysis appellant rests his case upon the contention that count 1 should be so construed that the early application may be held to disclose its subject matter as fully as it was held to disclose count 5, and to that end his brief compares those two counts element by element.

This argument has been carefully considered and we find it untenable.

The board interpreted count 1 to require "that one end portion of the grounding strap terminate between the clamp body and the cushion and that the other end portion of the strap be positioned between the cushion and the conduit," and held that this limitation was not supported by Webb's early application.

It seems clear to us that the interpretation as made is correct, and it also seems clear that the limitation so defined is not present in count 5.

■ In the absence of the text of the early application we must accept as con-

clusive the factual finding of the board that it does not support count 1.

The appeal is dismissed as to counts 2, 3, 4, 6, 7, and 8.

The decision of the board as to count 1 is affirmed.

Affirmed.